Dear Mr. Barousse, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of Sheriff Wayne Melancon of Acadia Parish, you have asked for our opinion regarding the permissibility of the Acadia Parish Sheriffs Department lending kitchen equipment to a non-profit organization known as the Welcome House.
Your request indicates that the Welcome House is a non-profit organization operating as a shelter for homeless persons, and persons who are being abused. The Welcome House has been a valuable resource for the Acadia Parish Sheriffs Department for many years because it is a place that deputy sheriffs can transport persons who either cannot afford housing, or their housing presents serious health and safety issues.
Sheriff Melancon would like to determine whether the Acadia Parish Sheriffs Department can enter into a cooperative endeavor agreement, or memorandum of understanding with the Welcome House, whereby the Acadia Parish Sheriff's Department would obtain kitchen equipment from various surplus agencies and then loan this equipment to the Welcome House with the understanding that the Welcome House will continue housing those persons in need.
Since the question presented involves the expenditure of public funds, it must be addressed in light of Louisiana Constitution Article VII, Section 14 which provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .' *Page 2 
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
Guided by the standard expressed in City of Port Allen v. LouisianaRisk Management, et al., 439 So.2d 399 (La. 1983), which holds that Article VII, Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so", this office has consistently opined that in order to be constitutionally sanctioned, a cooperative endeavor must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.
However, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found the City ofPort Allen standard to be an "unworkable and incorrect interpretation of La.Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard effectively holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, in order to be acceptable, we believe a cooperative endeavor must meet the following three requirements: 1) The entity must have a reasonable expectation of receiving something of value in exchange for the proposed expenditure of public funds; 2) The agreement is for a public purpose; and 3) The cost must be proportionate to the public benefit. *Page 3 
Based on the information provided, the proposed agreement would require the Sheriff's Department to purchase certain items such as kitchen equipment from state and federal surplus agencies and then loan the equipment to a non-profit organization. All with the understanding that ownership of the equipment will remain with the Sheriff's Department and the Welcome House will continue housing persons who are in need for housing on an emergency basis. It is our opinion that such an agreement appears to comply with the mandate of Louisiana Constitution Article VII, Section 14.
Although we are not in a position to determine whether the proposed expenditure is proportionate to the perceived public benefit, we do believe the Sheriffs Department has the requisite authority to expend public funds and the expenditure is for a public purpose. Further, in our opinion, the services provided by the Welcome House is without question something of value and is in fact a valuable resource for the citizens of Acadia Parish. Accordingly, we are of the opinion that the proposed transaction is acceptable.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY:____________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt